SWING, J.
This case is here on error to the judgment of the court of common pleas. We think it should be affirmed.
It is not claimed but what the charge of the court was correct, the only question being, whether the judgment is sustained by the evidence.
We think the jury had a right to infer from the evidence that Broerman, maliciously and without probable cause, caused the prosecution of Ryan, and while it is true that before instituting the prosecution, Broerman consulted his attorney, it does not appear that he acquainted his attorney with all the facts of the case, and he does not in his evidence say that he believed that Ryan was guilty of the crime charged, viz: grand larceny; in fact, we think if he had s.o testified, that the jury might well have concluded from all the facts in the case that he could not have so believed, for the admitted circumstances surrounding the taking of the property in question which could harldy lead a man of or *878 dinary intelligence to believe that Ryan had any idea that he was oommitting an act of larceny when he took the stone and posts in controversy. If the jury,as we have found they might do, believed the prosecution was malicious and without probable cause, the judgment of two hundred and fifty dollars certainly should not be disturbed. We are not willing to say that a party may maliciously, and without probable cause, cause a party to be taken from his home and dragged before a justice of the peace upon a charge of grand larceny, and subjected to all the ignominy, trouble and expense that was caused by this prosecution, and then say that a judgment of two hundred and fifty dollars is too much. In such cases jurors should have a wide latitude.
J. R. Von Seggern, for Plaintiff in Error.
Irwin & Murphy, contra.